**John DiGIOVANNI, Petitioner-Appellant,**

v.

**J. D. HENDERSON, Warden, et al., Respondents-Appellees.**

No. 72-1934

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1972.

Rehearing Denied Sept. 21, 1972.

Dean A. Andrews, Jr., Michael F. Barry, New Orleans, La., for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., George H. Connell, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner, filed suit against the warden of the Federal penitentiary in Atlanta, Georgia, alleging that he was unable to receive there the medical attention which his physical condition required. The district court granted summary judgment to the warden on the basis of affidavits of the physicians who had examined and were treating appellant. We affirm.

---

* Honorable Raymond E. Plummer, Chief United States District Judge for the District of Alaska, sitting by designation.

* Rule 18, 5 Cir.  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

The complaint alleged sufficient facts to state a cause of action, thus dismissal under F.R.C.P. § 12(b)(6) would have been inappropriate. Cf. Campbell v. Beto, 460 F.2d 765 (5th Cir., 1972) [April 18, 1972, as corrected July 11, 1972], and cases cited. Compare Novak v. Beto, 453 F.2d 661 (5th Cir., 1971). Summary judgment, however, was appropriate. The record here details the treatment appellant is and has been receiving, and the difference of medical opinion concerning whether appellant's condition warrants more radical surgical procedures. The district court, while recognizing that appellant consents to the performance of the surgical procedures which his condition may warrant, was called upon to supplant the considered medical opinions of those physicians charged with appellant's case, in whose medical opinion surgery was unwarranted. In the face of the conflicting medical reports and opinions, no clear case for judicial intervention was presented.

The judgment of the district court is affirmed.